**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
IRA KITZEN,

                        Plaintiff,                              **REPORT AND**
                                                               **RECOMMENDATION**

              -against-
                                                               CV 17-6926 (ADS) (AKT)

PETER HANCOCK, LAND AND SEA
CONSTRUCTION CORP., HCD CONSRUCTION
MANAGEMENT AND PLANNING CORP. BLUE
GATE CONSULTING CORP., SUSAN HANCOCK,
ELIZABETH K. HANCOCK, JODI TARSHIS, and
"JOHN" and JANE DOES 1-10, said names being
fictitious as such names are unknown at this time,

                        Defendants.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    **PRELIMINARY STATEMENT**

       This is the second lawsuit filed by Plaintiff Ira Kitzen ("Plaintiff") between May 2017

and November 2017 which involves the same parties.  In the prior litigation, CV 17-2966,

Plaintiff brought a breach of contract action in his individual capacity and on behalf of Pisa

Contracting Inc. ("Pisa") and Enterprise Holdings, Ltd. ("Enterprise") against Peter Hancock,

Land and Sea Construction Corp. ("Land and Sea"), HCD Construction Management and

Planning Corp. ("HCD"), Blue Gate Consulting Corp. ("Blue Gate"), Susan Hancock, Elizabeth

K. Hancock, Jodi Tarshis, and John and Jane Does 1-10 (collectively, the "Defendants").  In that

litigation, Plaintiff named Pisa and Enterprise as nominal defendants (hereafter, the "Original

Action") and alleged that the Defendants engaged in a conspiracy to steal and ultimately destroy

Pisa while withholding and diverting monies due to Enterprise.

The Defendants, all New York citizens, moved to dismiss the Original Action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that Pisa and Enterprise were properly aligned as plaintiffs, thereby destroying diversity of citizenship.  By Memorandum of Decision and Order dated October 27, 2017, Judge Spatt realigned Pisa and Enterprise as plaintiffs — resulting in the loss of complete diversity of citizenship necessary to support diversity jurisdiction — and granted Defendants' motions to dismiss.  *Kitzen v. Hancock*, No. 2:17-CV-02966, 2017 WL 4892173, at *4 (E.D.N.Y. Oct. 27, 2017).

On November 28, 2017, Plaintiff commenced the instant lawsuit, citing thirteen causes of action, against the Defendants, all of which were previously raised in the Original Action. Likewise, the claims brought here are asserted against the same named Defendants as in the Original Action.  Plaintiff now complains that Defendants engaged in a conspiracy to steal and destroy Pisa while withholding and diverting monies due to Enterprise.  *See generally* Compl. Unlike the Original Action, however, Plaintiff filed the instant lawsuit only in his individual capacity.  Plaintiff maintains that he has not asserted any derivative claims on behalf of Pisa or Enterprise.  *Id.*  Defendants have moved to dismiss the instant lawsuit, arguing chiefly that this litigation is barred by *res judicata* and therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  In the alternative, Defendants contend that dismissal is required under Fed. R. Civ. P. 12(b)(1), (6), and (7) because the asserted causes of action are necessarily derivative in nature and require the joinder of Enterprise and Pisa -- and that such joinder will destroy diversity of citizenship and deprive the Court of subject matter jurisdiction.  Defendants also move for sanctions under 28 U.S.C. § 1927, claiming that Plaintiff continues to commence frivolous and vexatious litigation.

Judge Spatt referred Defendants' motions to this Court for a Report and Recommendation as to whether Defendants' motions should be granted.  For the reasons set forth below, the Court respectfully recommends to Judge Spatt that Defendants' motions to dismiss be GRANTED, in part, and DENIED, in part.  The Court further respectfully recommends to Judge Spatt that Defendants' motions for sanctions be DENIED.

II.    BACKGROUND

A.    Factual Background

1.    Citizenship of Parties and Non-Party Corporations

The following allegations have been taken from the Complaint.  All facts alleged by the Plaintiff are assumed to be true for purposes of deciding this motion to dismiss and are construed in a light most favorable to the Plaintiff as the non-moving party.  *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009); *Matthews v. City of N.Y.*, 889 F. Supp. 2d 418, 425 (E.D.N.Y. 2012).

Plaintiff is a citizen and resident of the State of Florida, residing at 2317 Palm Harbor Drive, West Palm Beach, Florida 33410.  Compl. ¶ 1.  Defendant Peter Hancock is a citizen and resident of the State of New York, residing at 44 Jetmore Place, Massapequa, New York 11758.  *Id*. ¶ 2.  Defendant Susan Hancock is a citizen and resident of the State of New York, residing at 44 Jetmore Place, Massapequa, New York 11758.  *Id*. ¶ 13.  She is married to Peter Hancock.  *Id*. ¶ 14.  Jodi Tarshis is a citizen and resident of the State of New York, residing at 3777 Clark Street, Seaford, New York, 11783.  *Id*. ¶ 17.  She is Susan Hancock's daughter from a prior marriage.  *Id*. ¶ 18.  Elizabeth Hancock is a citizen and resident of the State of New York, residing at 3777 Clark Street, Seaford New York 11783.  She is Peter Hancock's daughter from a prior marriage.  *Id.* ¶ 16.

3

Defendant Land and Sea is a New York State corporation owned by Peter Hancock, Susan Hancock, Elizabeth Hancock, and Jodi Tarshis, with its principal place of business at 3777 Clark Street, Seaford, New York 11783. *Id.* ¶¶ 3-4.  Defendant HCD Construction is a New York State corporation owned by Peter Hancock, Susan Hancock, Elizabeth Hancock and Jodi Tarshis, with its principal place of business at 44 Jetmore Place, Massapequa, New York 11758.  *Id*. ¶¶ 7, 10.  Defendant Blue Gate is a New York State corporation owned by Susan Hancock, with its principal place of business at 44 Jetmore Place, Massapequa, New York 11758.  *Id.* ¶ 11.

Non-party Pisa is a New York State corporation owned 50% by Plaintiff who serves as its president (*id.* ¶ 41), and 50 % by Peter Hancock who serves as its vice-president.  *Id.*  Pisa's principal place of business is 150 Cary Place, Freeport, New York 11520 (the "Premises").  *Id.* ¶¶ 19-20.   Pisa was formed in 2001 to provide marine construction work, site and structural work and backyard design services.  *Id.* ¶ 86.  Non-party Enterprise is a New York State corporation owned 50% by Plaintiff, who serves as president, *id.* ¶ 91, and 50 % by Susan Hancock who serves as vice-president.  *Id.*  Enterprise's principal place of business is located at 4071 Greentree Drive, Oceanside, New York 11572.  *Id.* ¶¶ 2, 23.  Enterprise was formed in 2004 as a real estate holding company, *id.* ¶ 86, and it owns the Premises where Pisa's corporate office and construction yard were located, *id.* ¶ 24.

### 1.   *Conspiracy to Steal and Destroy Pisa*

Plaintiff alleges that Defendants conspired to divert and steal Pisa's business by forming companies to compete with Pisa, *id.* ¶ 34; "transfer[ring] heavy duty construction equipment owned by Pisa to Land and Sea and HCD [Construction]," *id.* ¶ 58; taking monies from Pisa's trust and operating accounts, *id.* ¶¶ 63, 65; and usurping "ongoing opportunities, bids, proposals, and/or contracts awarded to Pisa," *id.* ¶ 75.  Plaintiff also alleges that Peter Hancock wrote

4

checks exceeding $124,000 on Pisa's operating account to the order of "Hancock," *id.* ¶ 67; incurred $100,000 in debt on Pisa's credit without necessary shareholder approval, *id.* ¶ 68; failed to pay subcontracting fees, which Plaintiff personally reimbursed to avoid loss, *id.* ¶ 64; and withheld distributions due Plaintiff, *id.* ¶ 83. According to Plaintiff, these acts brought Pisa to financial ruin and, ultimately, to dissolution. *Id.* ¶85.

Plaintiff further alleges that Defendants displaced Pisa from the Premises, permitting Land and Sea and/or HCD Construction to use the Premises without paying Enterprise fair market rent. *Id.* ¶¶ 106-108. The Complaint also asserts that Susan Hancock diverted rent monies due Enterprise to Land and Sea and HCD Construction, *id.* ¶ 111, and withheld distributions due Plaintiff, *id.* ¶ 112, all to Enterprise and Plaintiff's detriment.

Based on Defendants' conduct, Plaintiff claims, *inter alia*, breach of the shareholder agreement, *id.* ¶¶ 114-119, 120-126, 127-134, breach of fiduciary duty, *id.* ¶¶ 135-144, 145-154, aiding and abetting breach of fiduciary duty, *id.* ¶¶ 187-193, 194-200, tortious interference with contract, *id.* ¶¶ 177-186, and fraudulent conveyance, *id.* ¶¶ 201-207. Plaintiff seeks $2,000,000 in compensatory damages; $1,000,000 in punitive damages; and an accounting and permanent injunction against Peter Hancock and Susan Hancock based on their actions concerning Pisa and Enterprise respectively. *Id.* ¶¶ 155-165, 208-212, 166-176, 213-217.

## B.    Relevant Procedural History

On November 28, 2018, Plaintiff commenced this action by filing a Complaint which set forth thirteen causes of action. The claims are all asserted in Plaintiff's individual capacity. *Id.* On April 5, 2018 defendants Land and Sea, Blue Gate, Susan Hancock, Elizabeth K. Hancock and Jodi Tarshis (the "Moving Defendants") moved to dismiss the case and for sanctions. DE 26. The remaining defendants Peter Hancock and HCD Construction (the "Joining

Defendants") moved for the same relief on April 9, 2018, joining in the arguments stated in the

memorandum of law filed by the Moving Defendants.  DE 28.  The motions were fully briefed

on June 14, 2018.  *See* DE 41.  On October 4, 2018, Judge Spatt referred Defendants' motions to

this Court for a Report and Recommendation.  DE 42.

III.  **DISCUSSION**

   A.  **Standard of Review**

   Rule 12(b)(1) requires dismissal of a claim when the federal court "lacks jurisdiction over

the subject matter."  Fed. R. Civ. P. 12(b)(1).  When a defendant brings a motion to dismiss for

lack of subject-matter jurisdiction, it is the plaintiff's burden to establish the existence of subject-

matter jurisdiction by a preponderance of the evidence.  *Morrison v. Nat'l Australia Bank Ltd.*,

547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) (citing *Makarova v. United States*,

201 F.3d 110, 113 (2d Cir. 2000)); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635,

638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).  "A case is

properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district

court lacks the statutory or constitutional power to adjudicate it."  *Makarova*, 201 F.3d at 113;

*see also Aurecchione*, 426 F.3d at 638 ("After construing all ambiguities and drawing all

inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject

matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to

adjudicate it." (internal citations and quotation marks omitted)). "Under Fed. R. Civ. P. 12(b)(1),

'[even] a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if

the asserted basis for jurisdiction is not sufficient.'"  *Frisone v. Pepsico Inc.*, 369 F. Supp. 2d

464, 469 (S.D.N.Y. 2005) (quoting *Peterson v. Continental Airlines Inc.*, 970 F. Supp. 246, 249

(S.D.N.Y. 1997)).

In assessing whether it has subject-matter jurisdiction, a court "need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other matters outside the pleadings." *Williams v. Runyon*, No. 97-civ.-4029, 1997 WL 77207, at \*1 (S.D.N.Y. Feb. 17, 1999) (internal citations omitted); accord *N.Y.S. Catholic Health Plan, Inc. v. Acad. O&P Assoc.*, 312 F.R.D. 278, 294 (E.D.N.Y. 2015) (citing *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002)); *Makarova*, 201 F.3d at 113 (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

"A res judicata challenge may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Iotova v. Patel*, 293 F. Supp. 3d 484, 487 (S.D.N.Y. 2018), *report and recommendation adopted*, No. 17-CV-6594, 2018 WL 3642623 (S.D.N.Y. Aug. 1, 2018) (quoting *Thompson v. Cty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) (internal quotation marks omitted). The doctrine of *res judicata*, also known as claim preclusion, provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) ("The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). Specifically, an action is barred under *res judicata* when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000*); accord Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). *Res judicata* "is based on the requirement that the plaintiff must bring all

claims at once against the same defendant relating to the same transaction or event." *Iotova*, 293

F. Supp. 3d at 487 (quoting *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir.

2000)).

Generally, "dismissals for lack of subject matter jurisdiction are not on the merits and are

not accorded res judicata effect." *Thompson v. County of Franklin,* 15 F.3d 245, 253 (2d Cir.

1994) (citing *Exchange National Bank v. Touche Ross & Co.,* 544 F.2d 1126, 1130–31 (2d Cir.

1976)). "A dismissal other than one on the merits merely precludes relitigation of the issues

decided." *Bunker Ramo Corp. v. United Business Forms, Inc.,* 713 F.2d 1272, 1277 (7th Cir.

1983) (citation omitted). While a dismissal for lack of subject matter jurisdiction may not bar a

determination on the merits of the claim at a later date if the jurisdictional defects have been

cured, "a finding of lack of subject matter jurisdiction is res judicata as to that particular issue in

subsequent actions between the parties," *George v. Storage Am.*, No. 13-CV-9226, 2014 WL

1492484, at *3 (S.D.N.Y. Mar. 6, 2014), *objections overruled*, No. 13-CV-9226, 2014 WL

1494116 (S.D.N.Y. Apr. 16, 2014) (quoting *Barclay's Ice Cream Co. v. Local No. 757 of Ice

Cream Drivers & Employers Union,* No. 79 Civ. 1611, 1979 WL 1710, at *2 (S.D.N.Y. Sept. 7,

1979)). Therefore, a prior dismissal for lack of subject matter jurisdiction is "a final decision

regarding the lack of the district court's power to act on those claims," *Wagstaff v. U.S.

Department of Education,* 366 Fed. App'x 564, 565–66 (5th Cir.2010) (upholding dismissal of

complaint on res judicata grounds where prior action involving identical named parties and same

cause of action was dismissed for lack of subject matter jurisdiction); *see also Insurance

Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 n. 9

(1982) ("It has long been the rule that principles of res judicata apply to jurisdictional

determinations—both subject matter and personal."); *Watson v. United States,* 349 Fed. App'x

542, 544–45 (Fed.Cir. 2009) (holding that *res judicata* applied where initial action was dismissed for lack of subject matter jurisdiction and plaintiff filed new action alleging jurisdiction under same statute, raising identical claims against the same parties as prior action, and failed to provide additional facts to cure jurisdictional defects); *Zoriano Sanchez v. Caribbean Carriers Ltd .,* 552 F.2d 70, 72 (2d Cir.1977) (giving *res judicata* effect where plaintiffs raised "the same claim, involving the same parties and arising out of the same circumstances" in two different district courts and where determination of lack of subject matter jurisdiction was "actually litigated" and "essential to [the first] judgment").

### B.   Subject-Matter Jurisdiction

Defendants contend that all of the causes of action asserted are derivative in nature (on behalf of Pisa and Enterprise) and therefore require the joinder of Pisa and Enterprise, which will destroy complete diversity and defeat subject matter jurisdiction.  Plaintiff argues that the asserted claims are direct in nature, based on individual duties in contract and tort that Defendants owed to Plaintiff and properly asserted individually.

In general, a New York shareholder has no individual cause of action against a person or entity which has injured the corporation.  *See Salomon v. Burr Manor Estates, Inc.*, 769 F. Supp. 2d 83, 91 (E.D.N.Y. 2011); *Abate v. Fifth Third Bank*, No. 13-CV-9078, 2018 WL 1569260, at *5 (Mar. 27, 2018, S.D.N.Y.).   This is the case even if the shareholder loses the value of her investment or incurs personal liability attempting to maintain the solvency of the corporation. *See Salomon*, 769 F. Supp. 2d at 91; *Abate*, 2018 WL 156920, at *5; *see also Abrams v. Donati*, 489 N.E.2d 751, 751 (N.Y. 1985) ("For a wrong against a corporation a shareholder has no individual cause of action, though he loses the value of his investment or incurs personal liability in an effort to maintain the solvency of the corporation.").

An exception to the general rule exists where the wrongdoer breached a duty owed to the shareholder *independent of* any duty owing to the corporation. *Abate*, 2018 WL 1569260, at *5 (*citing Serino*, 994 N.Y.S.2d at 69). "This is a narrow exception, and [a litigant's] claim must be factually supportable by more than complaints that conflate his derivative and individual rights." *Abate*, 2018 WL 1569260, at *5 (internal quotation marks and citations omitted).

In determining whether a claim is derivative or direct, courts consider "(1) who suffered the alleged harm (the corporation or the stockholders); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders individually)." *See Abate*, 2018 WL 1569260 (*citing Yudell v. Gilbert*, 949 N.Y.S.2d 380, 384 (1st Dep't 2012) (quoting *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1035 (Del. 2004)); *see also Backus v. U3 Advisors, Inc.*, No. 1:16-CV-8990, 2017 WL 3600430, at *16 (S.D.N.Y. Aug. 18, 2017) (applying *Tooley* and dismissing breach of contract claim because "it is apparent that the complaint alleges injury to Plaintiff only in terms of the alleged harm to [the company]" and "the benefit of any recovery on this claim must flow solely to [the company]"). Consequently, where harm is caused to the individual, as opposed to the corporation, the individual may proceed with a direct action. *See Gjuraj v. Uplift Elev. Corp.*, 973 N.Y.S.2d 172, 174 (1st Dep't 2013). However, even in circumstances where individual harm is claimed, if it is "confused or embedded in the harm to the corporation, it cannot separately stand." *Abate*, 2018 WL 1569260 at * 5 (*citing Serino*, 994 N.Y.S.2d at 69); *see also Abrams*, 489 N.E.2d 751, 751 (conspiracy to terminate employment of corporation's president mixed with claim for diversion of corporate assets was properly dismissed as a derivative action); *Yudell*, at 115, 949 N.Y.S.2d 380 (the plaintiff's direct claims, embedded in claims for partnership waste and mismanagement, were properly dismissed as derivative claims). For an individual claim to stand, "[t]he stockholder

must demonstrate that . . . he or she can prevail without showing an injury to the corporation."
*Yudell*, 949 N.Y.S.2d at 384 (citation omitted); *see also Amusement Indus., Inc. v. Stern*, No. 07-CV-11586, 2010 WL 2976199, at *6 (S.D.N.Y. July 26, 2010) (noting that a claim is derivative if a plaintiff "cannot demonstrate any harm to himself for his causes of action without first demonstrating an injury to [the company]").

Typically, for a shareholder to successfully assert an independent cause of action arising from an independent duty, there must be a special relationship or agreement between the parties that is separate from their position in, or relationship through, the corporation. *See In re Estate of Schulman*, 568 N.Y.S.2d 660, 663 (1991) (finding a special relationship between the individual stockholder and Schulman, the deceased, a trusted personal friend and advisor, giving rise to a fiduciary duty that was "separate, distinct from and more pervasive than the fiduciary duties generally owed shareholder by a corporate officer and director."); *Giblin v. Murphy*, 469 N.Y.S.2d 211, 215 (1983) (holding that plaintiff shareholder properly maintained a direct action against corporate officer defendants where defendants owed plaintiff an independent duty, separate from the fiduciary duties owed to plaintiff as a shareholder, arising from a stock pledge agreement between the parties); *Burnett v. Pourgol*, 921 N.Y.S.2d 280, 282 (2011) (holding that plaintiff shareholder in closely held corporation had properly asserted a direct action against defendant, the only other shareholder, where the parties had individually guaranteed the corporation's obligations under a settlement agreement to which the corporation was a party); *Ceribelli v. Elghanayan*, 990 F.2d 62, 64 (2d Cir. 1993) (holding that shareholders in cooperative had standing to bring direct action against sponsor defendants, from whom shareholders purchased cooperative stock, where defendants owed plaintiffs an independent duty, separate

from the fiduciary duties owed to the corporation, arising from the parties' share purchase agreements).

Where a derivative claim is asserted, the corporation is a necessary party to the action. *See Ross v Bernhard*, 396 U.S. 531, 538 (1970) (holding that in a derivative suit "[t]he corporation is a necessary party to the action; without it the case cannot proceed"). Generally, "the rule is that the corporation in a derivative suit should be aligned as a plaintiff since it is the real party in interest." *Obstfeld v. Schwartz*, 621 F. Supp. 2d 87, 93 (S.D.N.Y. 2008) (internal citations and quotations omitted). However, if aligning the corporation as a plaintiff would not provide a "real collision of issues," the court should realign the corporation to produce one. *Smith v. Sperling*, 354 U.S. 91, 97 (1957).

### C.   Analysis

The Court finds that all of the asserted claims, except for the fifth and sixth causes of action which seek an accounting under New York Business Corporation Law § 720, are derivative in nature and cannot be brought by Plaintiff in his individual capacity.[1]  These claims thus require the joinder of non-diverse corporations Pisa and Enterprise, thereby destroying complete diversity between the parties and requiring dismissal of the action.  Though Plaintiff's claims for an accounting are not derivative and do not require joinder of Pisa or Enterprise, the Court finds that Plaintiff has pleaded a claim for an accounting as to Defendant Peter Hancock. Plaintiff has failed to plead an amount in controversy exceeding $75,000 in his claim for an

---

[1]  These claims include Plaintiff's first (breach of Pisa shareholder's agreement), second (breach of Enterprise shareholder agreement), third (anticipated breach of Pisa shareholder's agreement), fourth (breach of fiduciary duty), fifth (breach of fiduciary duty), eighth (tortious interference with Pisa's contract), ninth (aiding and abetting breach of fiduciary duty), tenth (aiding and abetting breach of fiduciary duty), eleventh (fraudulent conveyance), twelfth (permanent injunction), and thirteenth (permanent injunction) causes of action.

accounting against Susan Hancock.  The Court will discuss the derivative and accounting claims in turn.

### 1.  The Derivative [Non-Accounting] Claims

Plaintiff has failed to allege any direct injuries with respect to his claims that Defendants engaged in a conspiracy to steal and destroy Pisa while withholding and diverting monies due Enterprise.  There is no dispute that Plaintiff's allegations describe injuries to Pisa and/or Enterprise.  Among other things, Plaintiff asserts that Defendants unlawfully took Pisa's financial assets, business equipment and corporate opportunities — bringing Pisa to financial ruin — and withheld monies due to Enterprise.  Indeed, half of Plaintiff's causes of action relate to alleged damage caused to Pisa's construction business as a result of Defendants' conduct (*e.g.,* first, third, fourth, sixth, eighth, ninth, eleventh and twelfth causes of action) while the other half relate to the alleged failure to collect market rent for the Premises and the resulting harm suffered by Enterprise (*e.g.,* second, fifth, seventh, tenth, and thirteenth causes of action).  Plaintiff's claims of individual losses — including loss of share value, withheld distributions, and reimbursement expenses — stemming from losses incurred by Enterprise and Pisa are not sufficient to state an individual cause of action.  *See Abate*, 2018 WL 1569260, at *6 (the exception to the general rule prohibiting an individual cause of action against a person or entity that has injured the corporation is narrow and a litigant's "claim must be factually supportable by more than complaints that conflate his derivative and individual rights.").

Plaintiff's chief complaints focus on waste, diminishment of value, and diversion of assets.  However, the applicable caselaw is clear that in such circumstances "redress is sought, not in the individual right of the minority stockholders, but through the corporation." *Gordon v. Elliman*, 306 N.Y. 456, 460–61, 119 N.E.2d 331 (1954); *Abrams v. Donati*, 489 N.E.2d 751, 751

(1985) ("Allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only . . . . ").  Though Plaintiff alleges some individual loss, including reimbursement expenses for missed subcontractor payments and lost distributions, Plaintiff's losses are bound up in Defendants' failure to make corporate payments and distributions, which are injuries to the corporation generally.  Plaintiff cannot demonstrate his loss without first demonstrating loss to Pisa and Enterprise.  Further, where a corporation sustains an injury, a shareholder has no individual cause of action, even if he incurs personal liability in an effort to maintain the solvency of the corporation.  *Abate*, 2018 WL 1569260 at *5 (citing *Serino*, 994 N.Y.S.2d at 68 and *Abrams*, 489 N.E.2d at 751)

Moreover, Plaintiff has failed to adequately allege any special agreement or relationship between the parties that would give rise to an independent duty owed to Plaintiff.  Plaintiff alleges that Peter Hancock and Susan Hancock, as shareholders in closely-held corporations, breached a fiduciary duty owed to Plaintiff giving rise to a direct cause of action.  However, even in a closely held corporation, claims belong to the corporation.  *Bogart v. Israel Aerospace Indus. Ltd.,* No. 09-CV-4783, 2010 WL 517582, at *4 (S.D.N.Y. Feb. 5, 2010) ("Under New York law, a shareholder, even a sole shareholder or one in a closely held corporation, typically does not have standing to sue for injuries to the corporation itself.") (citation omitted) ; s*ee also Wolf v. Rand*, 685 N.Y.S.2d 708 (1st Dep't 1999) (holding that damages for conversion of profits belonged to the closely held corporation and not the shareholder bringing the suit); *Paradiso & DiMenna, Inc. v. DiMenna*, 649 N.YS.2d 126 (1st Dep't 1996) (holding that a different damage rule for closely held corporations is not required).  Plaintiff alleges no special agreements apart from those binding Plaintiff and some defendants as shareholders.  Ultimately, Plaintiff's claims concern breaches of fiduciary duties and agreements which are bound up in Plaintiff's status as a

shareholder of Pisa and Enterprise. Therefore, any such claims are derivative in nature and do not stem from any duties Defendants owed to Plaintiff in his individual capacity.

Because Plaintiff complains of derivative causes of action which cannot be asserted individually, the pertinent corporations, Pisa and Enterprise, are indispensable parties to the lawsuit. In determining whether to align Pisa and Enterprise as plaintiffs, the Court looks to Judge Spatt's decision in the Original Action where he found no reason to depart from the general rule requiring that corporations in a derivative action be aligned as plaintiffs. *Kitzen v. Hancock*, No. 2:17-CV-02966, 2017 WL 4892173, at *4 (E.D.N.Y. Oct. 27, 2017). Judge Spatt rejected Plaintiff's argument that Pisa and Enterprise were antagonistic to Plaintiff's interests. *Kitzen v. Hancock*, No. 2:17-CV-02966, 2017 WL 4892173, at *4 (E.D.N.Y. Oct. 27, 2017). The same principles apply here. Consequently, Pisa and Enterprise must be aligned as plaintiffs.

However, where joinder of an indispensable party would destroy diversity jurisdiction, the claim must be dismissed. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.,* 471 F.3d 377, 384 (2d Cir.2006) (stating that where joinder would destroy diversity jurisdiction, the underlying claim must be dismissed for lack of subject matter jurisdiction); *see also Mazzio v. Kane,* No. 14-CV-616, 2014 WL 2866040, at *5 (E.D.N.Y. June 24, 2014) (dismissing action where joinder of indispensable corporation would defeat diversity jurisdiction). Here, Pisa and Enterprise are New York citizens, just like the Defendants. Therefore, joinder of Pisa and Enterprise as plaintiffs would destroy complete diversity, thus depriving the Court of subject matter jurisdiction. On this basis, the Court respectfully recommends to Judge Spatt that Plaintiff's first, second, third, fourth, fifth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth causes of action be dismissed for lack of subject matter jurisdiction.

## 2. Claims for an Accounting under New York Bus. Corp. Law §720

Unlike Plaintiff's other causes of action, Plaintiff's claims for an accounting under §720 of the New York Business Corporation Law ("BCL") are direct in nature. Section 720 of the BCL provides that "[a]n action may be brought . . . by a corporation, or a receiver, trustee in bankruptcy, officer, director or other judgment creditor thereof" to compel one or more directors or officers of a corporation to account for their official conduct relating to, *inter alia,* mismanagement, loss, or waste of corporate assets. *See* N.Y. Bus. Corp. Law §720(a), (b) (McKinney). The plain language of the BCL provides a direct cause of action to corporate officers and directors. *Id*; *see also Stair v. Calhoun*, 12-CV-6121, 2016 WL 4991538, *27 (E.D.N.Y. Sept. 16, 2016) ("[u]nlike derivative claims, section 720 claims are original in nature."). Here, Plaintiff is president of both Pisa and Enterprise. Peter Hancock serves as vice-president of Pisa while Susan Hancock is vice-president of Enterprise. Based on the Hancocks' respective roles in Pisa and Enterprise, Plaintiff can raise a direct claim against them for an accounting under BCL §720.

There is a question, however, as to whether the Court has subject matter jurisdiction over these claims. For the Court to exercise diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(a). Caselaw defining the jurisdictional amount in a diversity action for an accounting is meagre. *MacPherson v. Reid*, No. 90-CV-2212, 1990 WL 161015, at *1 (S.D.N.Y. Oct. 12, 1990). However, "the oft-cited, but inconsistently applied rule is that the amount in controversy may be measured by the value of the . . . res, the damage to res, or the value of the plaintiff's distributable portion of the res." *Ditolla v. Doral Dental IPA of New York, LLC*, No. 06-CV-762,

2006 WL 5618179, at *2 (E.D.N.Y. Apr. 21, 2006), *aff'd sub nom. DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271 (2d Cir. 2006) (internal quotation marks and citations omitted).

The cases involving this issue are primarily those in which the plaintiff seeks an accounting from the defendant for defendant's handling of money or assets contained in a trust or fund. *See, e.g., Ditolla,* 2006 WL 5618179 at *2 (declining to find the amount in controversy requirement satisfied in putative class action removed from state court where the value of the fund, for which Plaintiff sought an accounting, exceeded $40,000,000 and defendants failed to estimate the value of the information sought in an accounting )*, Schonland v. Schonland*, No. 397-CV-558, 1997 WL 695517 at *1 (holding the amount in controversy requirement satisfied where corpus of trust plaintiff sought to protect exceeded $75,000). In such cases, there is a discrete corpus [of money or assets] with a fixed value. Provided the plaintiff in such a case adequately pleads the value of the corpus along with the value of the information sought in an accounting, a court can more readily assess whether the plaintiff has pleaded the amount in controversy. Here, there is no trust or fund, and, as such, there is no fixed corpus. Rather, there are two corporations, Pisa and Enterprise, from which Plaintiff alleges Peter Hancock and Susan Hancock withheld and/or diverted monies. In order for Plaintiff to satisfy the amount in controversy requirement, Plaintiff must allege the withholding or diversion of monies — *i.e,* damage to the corporation — in excess of $75,000 as to each claim.

Based on a review of the Complaint, the Court finds that Plaintiff has sufficiently pleaded the minimum amount in controversy in his sixth cause of action for an accounting against Peter Hancock, but not as to his seventh cause of action for an accounting against Susan Hancock. Specifically, Plaintiff alleges that Peter Hancock wrote checks on Pisa's operating accounts in excess of $124,000 and borrowed $100,000 using Pisa's name and credit. Therefore, Peter

Hancock's handling of at least $224,000 of Pisa's assets is at issue. Plaintiff makes no such specific allegations as to Susan Hancock's handling of Enterprise's assets. Instead, the Complaint contains only a general statement that Susan Hancock diverted and/or withheld monies due Enterprise. Without pleading the amount of money handled or mishandled by Susan Hancock or the share of Enterprise's monies due to the Plaintiff, the Complaint fails to plead the necessary amount in controversy to state a cause of action for an accounting against Susan Hancock. For these reasons, the Court recommends that Plaintiff's seventh cause of action be dismissed for lack of subject matter jurisdiction.

### D.    *Res Judicata*

In light of the fact that the Court is recommending dismissal of all claims for lack of subject matter jurisdiction, except for Plaintiff's sixth cause of action against Peter Hancock for an accounting under BCL § 720, the Court turns to the issue of whether this one surviving claim should otherwise be dismissed on *res judicata* grounds. Defendants argue that dismissal of the Original Action requires dismissal of the instant action on the grounds of *res judicata* since all allegations contained in the instant action were asserted in the dismissed Original Action.

Defendants rely on *Watson v. United States* which held that *res judicata* applied where plaintiff's initial action was dismissed for lack of subject matter jurisdiction and plaintiff filed a new action alleging jurisdiction under the same statute, raising identical claims against the same parties as the prior action, and failed to provide additional facts to cure the jurisdictional defects. 349 Fed. App'x 542, 544–45 (Fed. Cir. 2009); *see also Zoriano Sanchez v. Caribbean Carriers Ltd.*, 552 F.2d 70, 72 (2d Cir. 1977). The instant action is distinguishable from *Watson*. Here, Plaintiff has not raised precisely the same accounting claim he previously raised. In the instant action, Plaintiff asserts a claim against Peter Hancock for an accounting under BCL §720 *only in*

*his individual capacity*.  Moreover, the question of subject matter jurisdiction as to Plaintiff's claim for an accounting against Peter Hancock was not actually litigated in the Original Action. Ultimately, the Original Action was dismissed for lack of subject matter jurisdiction after Judge Spatt realigned Pisa and Enterprise as plaintiffs, resulting in the loss of complete diversity.  The dismissal was necessitated by the fact that Plaintiff advanced all claims individually and derivatively on behalf of Pisa and Enterprise.  Judge Spatt did not have occasion to consider whether Plaintiff could properly bring any claims, including an individual and direct claim for an accounting against Peter Hancock.  Once Enterprise and Pisa were joined as plaintiffs, complete diversity no longer existed as to the entire action which contained twenty-seven causes of action, each of which Plaintiff asserted individually and derivatively.  In effect, Plaintiff has cured the jurisdictional defect present in the Original Action by pleading the claim for an accounting against Peter Hancock only in his individual capacity.  Therefore, Plaintiff's claim for an accounting against Peter Hancock under BCL §720 is not barred by *res judicata*.  Nor are Pisa and Enterprise indispensable parties insofar as the claim for an accounting is properly asserted as a direct cause of action.

### E.    Sanctions

Defendants maintain that sanctions are appropriate under 28 U.S.C. §1927 because Plaintiff's only purpose in advancing the instant action is "vexatiousness."  28 U.S.C. § 1927. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *Id*.  "To impose sanctions under this provision, 'a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is,

motivated by improper purposes such as harassment or delay. " *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (citing *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (internal quotations and citations omitted).  Defendants argue that Plaintiff has no colorable basis to reassert previously dismissed causes of action and that the proper forum for Plaintiff's claims is New York State court, where a dissolution proceeding concerning Pisa was pending at the time this action was commenced.

First, the Court notes that the instant action is not entirely without merit insofar as the Court has recommended that one of the thirteen causes of action be permitted to go forward. Further, the Court has no evidence that Plaintiff acted in bad faith or frivolously in commencing the instant action.  Aside from the Court's recommendation that twelve of the thirteen causes of action be dismissed for lack of subject matter jurisdiction, the Court points out that Plaintiff asserted each cause of action in an individual capacity only.  It is not unreasonable to conclude that Plaintiff thought he was curing the jurisdictional defect in the Original Action by asserting only claims he believed could stand without Pisa or Enterprise.  Notwithstanding Defendant's position, Judge Spatt did not find that all claims were necessarily derivative in nature in dismissing the Original Action for lack of subject matter jurisdiction.  Instead, because all claims in the Original Action were asserted derivatively *and* individually, Judge Spatt's realignment of Pisa and Enterprise as plaintiffs destroyed complete diversity as to each claim and that action was dismissed.

Defendants' argument that the appropriate forum for Plaintiff's claims was the dissolution proceeding -- pending at the time the instant action was commenced -- is not compelling.  In their motions to dismiss in the Original Action, Defendants moved, in the alternative, to stay the proceedings pending resolution of the state court matter.  Judge Spatt,

however, never considered staying the Original Action insofar as he dismissed the action for lack of subject matter jurisdiction. There is no motion to stay before this Court, nor have Plaintiffs made any showing sufficient to warrant the dismissal of this action in view of the dissolution proceeding. Therefore, the Court respectfully recommends that no sanctions be imposed.

## IV.    CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Spatt that Defendants' motion to dismiss Plaintiff's Complaint be GRANTED, in part, and DENIED, in part in accordance with the findings in this Report and Recommendation. The Court further recommends that no sanctions be imposed on the Plaintiff.

## V.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6(a), (e). Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur Spatt, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), cert. denied, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
          January 29, 2019

                                        **SO ORDERED:**


                                        /s/ A. Kathleen Tomlinson
                                        A. KATHLEEN TOMLINSON
                                        United States Magistrate